**ALCO PLATING CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 25323.

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1971.

David A. Maddux (argued), David S. Bradshaw, of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for appellant.

William Wachter (argued), Atty. N. L. R. B. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Avrum M. Goldberg, Atty., Washington, D. C., Ralph E. Kennedy, Regional Director, N. L. R. B., Ansell & Ansell, Los Angeles, Cal., for appellee.

Before KOELSCH, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Petitioner asks us to review and set aside a decision and order of the respondent issued pursuant to Section 10(c) of the National Labor Relations Act, as amended. (29 U.S.C. § 151, et seq.). Respondent cross-petitions for a decree enforcing its order.

A discussion of the facts would add nothing to the existing law on the issues before us. After an examination of the entire record, we hold that there is substantial evidence supporting the Board's findings: (1) that petitioner violated Sections 8(a) (5) and (1) of the National Labor Relations Act by refusing to bargain in good faith with reference to wages; (2) that the March 4, 1968, strike was an unfair labor practice strike; (3) that petitioner violated Sections 8(a) (5) and (1) of the National Labor Relations Act by withdrawing recognition from the union on March 19, 1968, and (4) that petitioner unlawfully promised benefits to employees in return for their not supporting the union. N. L. R. B. v. Staub Cleaners, Inc., 418 F.2d 1086, 1089 (2d Cir. 1969), cert. denied 397 U.S. 1038, 90 S.Ct. 1357, 25 L.Ed.2d 649 (1970); N. L. R. B. v. C&C Plywood Corp., 413 F.2d 112 (9th Cir. 1969); N. L. R. B. v. Luisi Truck Lines, 384 F. 2d 842, 845 (9th Cir. 1967); N. L. R. B. v. Katz, 369 U.S. 736, 747, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962), and many other authorities, support our conclusion that the order of the Board must be enforced in full.

It is so ordered.